UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISHMAEL STERLING,

                         Petitioner,

             -against-

DAVID HOWARD,

                         Respondent.

22-CV-4344 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* petition under 28 U.S.C. § 2254, challenging his June 15, 2018, conviction in the New York Supreme Court, New York County. By order dated July 5, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court directs Petitioner to file a declaration within 60 days of the date of this order showing cause why this application should not be denied as time barred.

## BACKGROUND

      Petitioner Ishmael Sterling challenges his June 15, 2018, New York County judgment of conviction, in which he pleaded guilty to second-degree burglary "as a sex motive felon," second-degree sex abuse, and petit larceny. (ECF 1, at 1.) Petitioner asserts that he appealed the conviction to the Appellate Division, First Department, and the Court of Appeals denied Petitioner leave to appeal. He also asserts that he filed a motion to vacate his sentence under N.Y. Crim. Proc. L. § 440.20, the New York County Supreme Court denied the motion, and he did not appeal the denial.

      Petitioner raises four grounds, the first three of which were exhausted in the Section 440.20 motion: (1) the police arrested him without a warrant; (2) the victim did not identify Petitioner from a photo array; (3) the DNA evidence neither included nor excluded Petitioner;

and, raised here for the first time, (4) ineffective assistance of counsel regarding the first three grounds. Petitioner states that his lawyer failed to provide him with his file after sentencing, and after Petitioner finally received the file, and reviewed it, he pleaded guilty and was sentenced to ten years' incarceration.

## DISCUSSION

### A.   Applicable Statute of Limitations

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under Section 2254 must generally file a petition within one year from the date: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on June 15, 2018, he was convicted in the New York Supreme Court, New York County. Although he alleges that he appealed his conviction, he does not state when the Appellate Division ruled on his appeal or when the Court of Appeals denied him leave to appeal. Publicly available records do not show that Petitioner appealed his conviction. The Court therefore cannot determine whether the petition is timely.

### B.   Postconviction Motion

The Court also cannot determine whether Petitioner's motion to vacate his sentence tolled the statute of limitations. Under the *habeas* statute, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper

calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

**C.     Leave to File Declaration**

The Court directs Petitioner to file a declaration within 60 days of the date of this order stating why this application should not be dismissed as time barred. Petitioner should include in his declaration a listing of the following dates:

1. the Appellate Division's ruling on his direct appeal;
2. the Court of Appeal's ruling on his leave application;
3. the New York State Supreme Court's decision on the Section 440.20 motion; and
4. any other rulings on postconviction collateral applications and motions.

Petitioner should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under Section 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

**CONCLUSION**

Petitioner is directed to file a declaration within 60 days of the date of this order showing why the petition should not be dismissed as time barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, or if the declaration is insufficient to demonstrate

that the petition was timely filed, the Court will deny the petition as time barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 1, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge